THE STATE v. McINTIRE.

| 66 | 339 |
| 79 | 78 |

1. **Assault with Intent to Commit Rape:** EVIDENCE OF PURPOSE AND IDENTITY: CORROBORATION: INSTRUCTIONS. Defendant was indicted for an assault, in which three others participated, with intent to commit a rape. Upon consideration of the evidence, *held* that it sufficiently established that the assailants had a common purpose to commit a rape, and that defendant was one of the assailants. Also, that if it is necessary to a conviction for such offense that the prosecutrix be corroborated, ample corroboration is found in this case in defendant's own testimony. And, no error being found in instructions given, or in refusing those asked, the judgment of conviction is affirmed.

*Appeal from Winneshiek District Court.*

FRIDAY, JUNE 5.

DEFENDANT was indicted and convicted of an assault with intent to commit a rape, and now appeals to this court.

*O. J. Clark* and *Chas. P. Brown*, for appellant.

*Smith McPherson, Attorney-general*, for the State.

BECK, CH. J.—I. The offense charged was committed against Sarah King, in the night time. She and her father lived together, and at the time no other person was with them. Several persons at time of the commission of the offense came to their house and violently forced an entrance, but retired upon being so ordered by the father. They immediately returned again, opening the door by violence. One of them seized Sarah, threw her upon the bed, and got upon her. The father then struck this man with a stick, when another struck the father, knocking him down. Thereupon he ran away for help. They carried Sarah out of the house. She struggled to resist, and held to the bed, which was broken down by the violence. They struck her with a stick upon the head and other parts of the body, choked her, held their hands

over her mouth to hush her out-cries, tore her clothing, threw her on the ground, and one then pulled up her clothes. She suffered considerable injury from this brutal treatment. The father returned, with those to whom he had gone for help and protection, after the ruffians had left. It was so dark that neither Sarah nor her father was able to recognize or identify the perpetrators of the outrage.

II. It is first insisted by defendant that the evidence fails to establish a common purpose and design of the ruffians, if it appear that the evidence shows that defendant was one of the persons at the house at the time of the offense. But it cannot be doubted that if the jury found that defendant was engaged in the commission of the violence, which we shall soon see, they were authorized to find—they were justified in finding—from the character of the outrages committed, and defendant's participation therein, that all participated in the design of ravishing the woman. That it was their purpose to commit this crime appears plain from the fact that she was thrown on the bed and one of them got upon her, and that, after she was, with violence and the infliction of considerable injury, carried out of the house, she was thrown upon the ground and her clothes pulled up. These are acts that unmistakably indicate an intention on the part of the ruffians to ravish her. The court by proper instructions directed the jury that all the circumstances of the case, and the acts of those committing this outrage, should be considered by the jury, in order to find the intention of its perpetrators. The instructions in this regard are correct, and the facts sufficiently authorized the jury to find that the assault was with the intention of committing rape.

III. It is next insisted that the evidence fails to prove that defendant was one of the persons making the assault. We think the evidence upon this point is ample. Defendant made a statement, both orally and in writing, in the form of an affidavit, to the effect that, with three others, he was at King's house at the time of the outrage; but he denies that he par-

ticipated in the assault.   His statements admit his presence
with three others, and no more.   The woman declares that
four men carried her out of the house,—one at her head, one
at her feet, and two at her side.   She states, however, that
there were five present.   Now, as to the number that carried
her out, the jury was authorized to accept her statement, from
the fact that the proceeding must have occupied sufficient
time for her to determine the number having hold of her,
and their position about her body would enable her to deter-
mine the fact with certainty.   That in the darkness she should
have gained the impression that a fifth man was present is
not unreasonable, especially in view of the fact that her father,
just as they bore her out, fled for succor.   She may have
seen him, and supposed he was one of the villians.   The father
testifies that there were three of them.   But he was not in a
good condition to note the number of men, as he had just
been knocked down and was flying for help.   We repeat that
the jury were authorized to accept the woman's statement
that there were four persons engaged in the assault.   Now,
the defendant admits that he was at the house with three
other persons, and no more.   The jury were justified in find-
ing that he participated in the outrage and in the intentions
of the others.

IV.   Counsel for defendant insist upon the provisions of
Code, § 4560, to the effect that in prosecutions for rape there
can be no conviction upon the testimony of the person injured,
unless "she be corroborated by other evidence tending to
connect the defendant with the commission of the offense."
We need not and do not determine that this provision is
applicable to a case involving an assault with the intent to
commit rape.   But, for the purpose of the case, we will
assume that it is.   If corroboration is required, it is found in
ample quantity in the statement made by defendant himself.

V.   It is said by counsel that defendant's statements must
be taken as a whole, and all accepted as true.   But we know
of no rule of law requiring a jury to believe all of the state

ments. They may accept those portions that are reasonable and accord with other evidence, and reject others that are unreasonable and are contradicted by other testimony. Defendant states that he was at the place of the crime. There is no evidence in conflict therewith. He denies that he participated in the outrage. He is contradicted in this statement by the woman, who swears that four men carried her, and there could not have been that number unless he was one of them. The statement of the defendant corroborates the woman and connects him with the commission of the offense. The court's instructions to the jury are in harmony with these views; those refused are in conflict therewith.

The foregoing discussion disposes of all questions in the case. The judgment of the district court must be ·

AFFIRMED.