## ROGERS v. WINCH.

1. **Appeal:** EVIDENCE TO SUPPORT VERDICT. This court will not set aside a verdict for want of evidence to support it where the evidence is conflicting,—the parties testifying against each other.

2. **Assault and Battery:** IN ATTEMPT TO RAPE: CORROBORATION. While a conviction cannot be had on a charge of rape upon the testimony of the complaining witness alone (Code, sec. 4560), that rule applies only to criminal prosecutions, and not to a civil action for damages for an assault and battery committed in an attempt to rape.

3. **Practice:** READING DEPOSITION IN ARGUMENT AS TO ITS COMPETENCY. It is not misconduct of counsel to read portions of a deposition, in the presence of the jury, while advocating its competency in argument to the court, though the court finally excludes it.

4. **Assault and Battery:** IN ATTEMPT TO RAPE : EXCESSIVE DAMAGES. For an assault and battery committed in an attempt to rape, a recovery of four hundred dollars cannot be said to be excessive.

*Appeal from Monona District Court.*—HON. C. H. LEWIS, Judge.

FILED, JANUARY 19, 1889.

ACTION to recover for an assault and battery committed in an attempt to ravish plaintiff. There was a judgment on a verdict for plaintiff. Defendant appeals. The case has before been in this court. See 65 Iowa, 168.

*John A. Berry*, for appellant.

*McMillen, Kindall & Cochran*, for appellee.

BECK, J.—I. The plaintiff alleges and claims that she accompanied defendant to his bedroom for the purpose of seeing a sewing-machine which he proposed to sell her. After they had entered the room, he locked the door, and, making indecent proposals, laid his hands upon her for

1. APPEAL: evidence to support verdict.

the purpose of accomplishing his purposes. The jury returned a verdict for one thousand dollars. The district court required plaintiff to remit six hundred dollars of the verdict in order to reduce it to an amount which would be permitted to stand, informing the plaintiff that unless such *remittitur* was made the verdict would be set aside. The *remittitur* was accordinging entered, and judgment was had upon the verdict for four hundred dollars.

The defendant urges numerous objections to the judgment. Many of these objections are, in different forms, directed against the alleged insufficiency of the evidence to support the verdict, and its non-conformity to the instructions of the court below. They may all be considered together, and demand but brief attention, for we are not accustomed to discuss or recite the evidence upon the consideration of objections of this character. The most that can be said upon this point is that the evidence is conflicting ; the parties testify against each other. It cannot be said that there is such an absence of evidence as requires this court to reverse the judgment.

II. It is insisted that the verdict is in conflict with certain instructions given to the jury as to the rules relating to the preponderance of the evidence, and the duty of the jury to find in accord therewith. We think it does not appear that the verdict is the result of a disregard of these rules ; but, on the other hand, the verdict is in accord with the preponderance of the evidence on all points.

III. Counsel insist that a verdict cannot be rendered against defendant upon plaintiff's uncorroborated testimony alone. This is the rule of the statute applicable to criminal prosecutions for rape, seduction, and some other crimes but it does not apply to civil cases to recover damages for trespasses and injuries resulting from criminal acts. The language and context of the statute (Code, sec. 4560) plainly and unmistakably indicates its exclusive applicability to criminal prosecutions.

2. ASSAULT and battery: in attempt to rape: corroboration.

IV. Counsel insist that the verdict should have been set aside because of the misconduct of plaintiff's counsel in reading to the jury certain parts of a deposition which was excluded by the court. It was read while counsel were insisting that it was competent evidence. The record fails to show misbehavior on the part of counsel. It was not possible to discuss the competency of the evidence without reading or repeating it, and we think the fact that this was done in the hearing of the jury is not ground for disturbing the judgment.

3. PRACTICE: reading deposition in argument as to its competency.

V. A juror was challenged on the ground that his examination showed that he was biased against defendant. The challenge was rightly overruled. We think the examination shows that the juror was not biased against defendant. It is insisted that the verdict is excessive. We think differently. The plaintiff remitted six hundred dollars of the verdict, and judgment was rendered for four hundred dollars. Recovery on the facts of this case would hardly be expected to be for a sum less than four hundred dollars. Some other objections are made which demand no attention. It is our opinion that the judgment of the district court ought to be

4. ASSAULT and battery: in attempt to rape: excessive damages.

AFFIRMED.