The State v. Grossheim.

2. ——: instructions: evidence wanting: presumption.

---

## THE STATE v. GROSSHEIM.

1. **Criminal Law:** TRIAL BY JURY OF ELEVEN: CONSENT: LEGALITY. Where, after a trial for a felony has begun to a jury of twelve men, one of them becomes sick, the defendant may, with the consent of the state and the court, waive a jury of twelve men, and agree that the trial shall proceed with the eleven jurors, and that their verdict shall " be as valid and binding as though rendered by a full jury," and a verdict of guilty and judgment thereon cannot afterwards be questioned on the ground that the jury was not full. (*State v. Kaufman*, 51 Iowa, 578, *followed.*)

2. **Rape:** ASSAULT WITH INTENT: CORROBORATION OF PROSECUTRIX. The provision of section 4560 of the Code, that a defendant cannot be convicted of rape upon the testimony of the prosecutrix alone, unless corroborated by other testimony tending to connect him with the commission of the offense, does not apply to the crime of assault with intent to commit rape. (Compare *Rogers v. Winch*, 76 Iowa, 546.)

| 79 | 75 |
| 79 | 740 |
| 79 | 75 |
| 90 | 58 |
| 79 | 75 |
| 92 | 488 |
| 79 | 75 |
| 106 | 486 |
| 106 | 685 |
| 79 | 75 |
| f132 | 467 |

3.   ——— : ——— : CONSENT : AGE OF FEMALE. Under the law, a female under the age of thirteen years is not competent to consent to sexual intercourse, nor can she consent to an assault for that purpose. (See opinion for citations.) Accordingly, in a prosecution for attempting to rape a girl of eleven years, *held* that the court properly refused to instruct that " an attempt to have sexual intercourse with a female, whether under or over the age of consent as fixed by law, when made with the consent of such female, and unaccompanied by violence, does not include an assault."

4.   ——— : ——— : PRESUMPTION FROM ACTS : INSTRUCTION. In such case the court instructed : If you find from the evidence that the defendant took hold of the prosecutrix, and that he disarranged or removed her clothing so as to expose her person, and also opened his own clothes and exposed his private parts, and then, while he was lying down, he drew the prosecutrix down upon his person, then from these facts you are instructed the law would presume an intent on the part of said defendant to have sexual intercourse with the said prosecutrix." *Held* that the instruction did not state that such presumption would be conclusive, and that, so understood, it was correct.

5.   ——— : ——— : INDICTMENT. The indictment in this case (for an assault with intent to rape) is objected to on the ground that it charges an assault by force and against the will of the person assaulted, whereas, in law she had no will, being under the age of consent. But *held* that the objection was not well taken. (Compare *State v. Newton*, 44 Iowa, 45.)

6.   **Appeal**: REVIEW OF INSTRUCTIONS : EVIDENCE WANTING. Complaint that the court erred in giving and refusing instructions cannot be considered in the absence of the evidence necessary to determine the questions thus raised.

*Appeal from Muscatine District Court.*—HON. C. M. WATERMAN, Judge.

FILED, JANUARY 24, 1890.

DEFENDANT was convicted of the crime of assault with intent to commit rape, and sentenced to imprisonment in the penitentiary for the term of five years. He appeals.

*D. C. Cloud* and *Jayne & Hoffman*, for appellant.

*John Y. Stone*, Attorney General, for the State.

ROBINSON, J.—The indictment charges that the assault in question was made upon a female of the age

of eleven years, with intent to wilfully, unlawfully and feloniously ravish and carnally know her, by force and against her will. The defendant pleaded not guilty.

I. A jury of twelve men was impaneled, and the trial of defendant commenced. On the second day of the trial one of the jurors was excused on account of his serious illness, and, with the consent of defendant, duly entered of record, the trial proceeded under an agreement, also made of record, that the verdict of the eleven jurors should "be as valid and binding as though rendered by the full jury." Judgment was rendered on the verdict of eleven jurors. Appellant insists that he was not tried and convicted by a legal jury, and cites the cases of *State v. Carman,* 63 Iowa, 130, and *State v. Larrigan,* 66 Iowa, 426, as supporting the principle for which he contends. Those cases are authority for the rule that a jury cannot be waived in a criminal case, for the reason that the statute provides that issues of fact in such cases shall be tried by jury. The essentials of a legal jury were not considered. But it is said that the constitution of the United States and the constitution of the state of Iowa contemplate a trial by a jury of twelve persons, and that a legal jury, in a case of this kind, cannot consist of a less number; therefore, that the case of *State v. Kaufman,* 51 Iowa, 578, should be overruled. The right of the defendant, with the consent of the court and state, to waive a jury of twelve men and accept the verdict of eleven, was fully considered in that case, and the conclusion reached was that it could be done. We are of the opinion that the decision is right, and are satisfied with the grounds upon which it rests.

1. CRIMINAL law: trial by jury of eleven: consent: legality.

II. The court refused an instruction asked by defendant, to the effect that he could not be convicted of the crime charged on the testimony of the person alleged to have been injured, unless she was corroborated by other evidence tending to connect him with the commission of the offense. Section 4560 of the Code requires such

2. RAPE: assault with intent: corroboration of prosecutrix.

corroboration in prosecutions for rape, and defendant contends that, inasmuch as the crime of assault with intent to commit rape is of the same nature, differing only in being of a lower degree, the same rule should apply. The question thus raised was referred to, but not decided, in *State v. McIntire*, 66 Iowa, 341. See, also, *Rogers v. Winch*, 76 Iowa, 546. The crime of rape is punishable by imprisonment in the penitentiary for life or any term of years. Code, sec. 3861. The crime of assault with intent to commit rape is punishable by imprisonment in the penitentiary for a term not exceeding twenty years. Code, sec. 3873. They are recognized and treated by the statute as distinct offenses. Section 4560 refers to but one of them, the crime of rape, and cannot be extended to include both. The instruction in question was therefore properly refused.

III. Appellant asked the following instruction, which was refused: "The crime of rape or attempt to commit rape, when accompanied with violence and against the will and consent of the person ravished or assaulted, includes necessarily an assault. But an attempt to have sexual intercourse with a female, whether under or over the age of consent as fixed by law [thirteen years], when made with the consent of such female, and unaccompanied by violence, does not include an assault." Under the law a female under the age of thirteen years is not competent to consent to sexual intercourse, nor can she consent to an assault for that purpose. 2 Bish. Crim. Law, sec. 1091; *People v. McDonald*, 9 Mich. 150; *Hays v. People*, 1 Hill, 351.

3. ——: ——: consent: age of female.

IV. The seventh paragraph of the charge is as follows: "If you find from the evidence that the defendant took hold of the prosecutrix, and that he disarranged or removed her clothing so as to expose her person, and also opened his own clothes and exposed his private parts, and that then, while he was lying down, he drew the prosecutrix down upon his person, then from these facts you are

4. ——: ——: presumption from acts: instruction.

instructed the law would presume an intent on the part of said defendant to have sexual intercourse with the said prosecutrix." The presumption specified was not conclusive, but might be overcome by evidence or circumstances which would show that it was not well founded. But, in the absence of something to show that defendant did not intend to have sexual intercourse with the prosecutrix, the fair inference from the acts described would be that he intended to have it. That would be the natural result of such acts, and the one he must be presumed to have intended, in the absence of a showing to the contrary.

V. It is contended that the indictment is defective in that it charges an assault by force and against the will of the person assaulted, whereas, in law she had no will, and the real offense complained of was an attempt to carnally know and abuse a female child under the age of thirteen years. The indictment is substantially like that in *State v. Newton*, 44 Iowa, 45, which was held to be sufficient, and to charge the crime of assault with intent to commit rape.

5. ——: ——: indictment.

VI. Appellant claims that the court erred in giving certain other portions of its charge, and refusing to give certain other instructions asked. The evidence submitted on the trial was not preserved by bill of exceptions, and no attempt has been made to present it to us. The correctness of some of the rulings questioned depended upon the evidence in the case, and cannot now be determined by us. So far as we can ascertain from the records, all material and proper instructions asked were substantially incorporated in the charge. We do not discover any error in the record which could have prejudiced the defendant. The judgment of the district court is AFFIRMED.

6. APPEAL: review of instructions: evidence wanting.