THE STATE OF IOWA v. CYRUS VERMILLION AND DAVID
GREGORY, Appellants.

Criminal Law: DEFECTIVE ABSTRACT: REVIEW ON APPEAL. Excep-
tions to the admission of evidence which might be admissible under
some circumstances, to the giving of instructions abstractly cor-
rect but claimed to be erroneous as applied to the facts at bar, and
to the court's permitting the shorthand notes of the evidence to be
read to the jury after retirement, will not be considered on appeal
when the abstract does not contain the evidence, and fails to state
when said notes were read to the jury. (2)

*Appeal from Mahaska District Court.*—HON. A. R.
DEWEY, Judge.

MONDAY, JANUARY 29, 1894.

INDICTMENT for larceny. Verdict of guilty, and
a judgment from which the defendants appeals.—
*Affirmed.*

*J. C. Williams* and *W. S. Kenworthy* for ap-
pellants.

*B. W. Preston* and *Thos. A. Cheshire*, with *John
Y. Stone*, Attorney General, for the state.

GRANGER, C. J.—I. The larceny charged is of a
harness, from one Roberts. It seems that at about the
same time there was a larceny of a harness from one
Nelson, and from the argument of appellants it appears
that there was testimony on the trial of this indictment
as to the larceny of the Nelson harness, and appellants
complain of the action of the court in that respect.
The testimony is not in the abstract. It is not to be
doubted but that the facts as to two separate larcenies
might be so connected that, on the trial of an indict-
ment for one, facts as to the other might be admissible.

Of course, the fact that one larceny has been committed can not be shown as tending to prove the commission of another. As the testimony might be proper and the evidence is not in the record, we can not determine the question.

II. Complaint is made of several of the instructions given. They are, as abstract propositions of law, correct. We can only determine their correctness, as applied to the facts of this case, from the evidence, which, as we have said, is not before us. A party assigning error should put in the abstract the part of the record necessary for the consideration of the assignments. *State v. Grossheim*, 79 Iowa, 75, 44 N. W. Rep. 541.

III. From the arguments, it appears that, after the jury retired for deliberation, it came into court, and asked that the shorthand reporter read to it, from his notes, the testimony of two witnesses, and that the court permitted it, against objection. Without saying that such a proceeding would be erroneous, we need only say that the abstract does not show such a state of facts. It does not show that the "shorthand reporter read only the evidence given in chief by the said witnesses W. J. Smith and Jacob Auer, and did not read the evidence given in cross-examination." The abstract does not show when this happened, and, judging from the record, it may have been before the retirement of the jury, as is often done. The difficulty is that this case is before us with a skeleton bill of exceptions embodied in the abstract, instead of an abstract made from a completed bill of exceptions. In view of the record, we can not consider the points argued. AFFIRMED.