## Supreme Court—Appellate Division—Third Department.

March 29, 1898.

### PEOPLE v. ALFRED R. MACK.

1. CRIMINAL LAW—JUROR—DISQUALIFIED.

A verdict should not be set aside on the ground that one of the jurors was disqualified by consanguinity to the successful party, unless it be shown that injustice has been done, though the fact of relationship was not known to the defeated party until after the trial.

2. SAME—JURY—CONSTITUTIONAL LAW.

The constitutional provision does not, however, prevent the legislature from regulating the method of procuring and impaneling a jury; and, if the defendant does not take advantage of statutory provisions designed to protect his rights, he should not complain, in the absence of proof of injury.

APPEAL from a judgment convicting defendant of an assault in first degree, and from an order denying a motion in arrest of judgment, and an order denying a new trial.

Henry Watson Cornell, for appellant.

Charles H. Blood, Dist., Atty., for the People.

MERWIN, J.   The defendant was convicted of the crime of assault in the first degree.   He thereupon moved for a new trial and arrest of judgment, upon the ground that one of the jurors who sat in the case was related to the complainant within the ninth degree of affinity.   Code Cr. Proc. § 377.   It appears by affidavits that the grandfather of the wife of the juror was a brother of the father of the complainant, and that this fact was not at the time of the trial known to the defendant or to his counsel.   It does not appear that it was known to the district attorney.   The juror was a talesman, and, upon being called, was sworn as to his competency to sit as a juror in the case. He was examined by the counsel for both parties, but was not asked by either any question as to his relationship either to the defendant or to the complainant.   He was asked by the district attorney the question, "Do you know of any reason why you could not sit as a juror and render a verdict according to the evidence ?"   The juror replied, "No, sir."   He was not challenged, and was accepted and sworn as the eleventh juror.   It does not appear that the juror knew that he was disqualified. It was shown that there was only a casual acquaintance between him and the complainant.   The defendant claims that, by reason of the relationship of the juror to the complainant, the verdict was rendered by an improperly constituted jury, and therefore a new trial should be directed.   The relationship was a good cause of challenge for implied bias, but no challenge was taken or inquiry made as to the facts, although the defendant had opportunity to do so ;   and therefore it is claimed by the people that, after verdict, the point cannot be taken advantage of, in the absence of any proof of actual injury or prejudice to the defendant.   In Hayes v. Thompson, 15 Abb. Prac. N. S. 220, it was held that a verdict should not be set aside on the ground that one of the jurors was disqualified by consanguinity to the successful party, unless it be shown that injustice has been done, though the fact of relationship was not known to the defeated party until after the trial.   A like view was taken in Salisbury v. Mc-

Claskey, 26 Hun, 262, and Woodward v. Dean, 113 Mass. 297. A different view is taken in Hardy v. Sprowle, 32 Me. 310, and Briggs v. Town of Georgia, 15 Vt. 61. In People v. Jewett, 6 Wend. 389, it was said by Judge Sutherland that a verdict either in a civil or criminal case would not· be set aside merely on the ground that one or more of the jurors had not the property qualification required by law, though the fact was not known at the time of the trial. In People v. Rathbun, 21 Wend. 542, it was said by Judge Cowen that a defendant in a crimnal case may waive any matter of form or substance, excepting only what may relate to the jurisdiction of the court. A challenge to a juror for a cause disqualifying him only in the particular case on trial does not go to the jurisdiction of the tribunal, and, though a juror in such a case may be incompetent, it does not follow that the trial will be invalidated. Clark v. Van Vrancken, 20 Barb. 281. In the Cancemi Case, 18 N. Y. 128, where it was held that a trial by a jury of 11 jurors, though with the consent of the defendant, was a nullity, it still was said (page 137) that objections to jurors may be waived. In many criminal cases it has been held to be immaterial whether or not the defendant, in cases not capital, knew before the verdict the disqualification of the juror, as long as he had an opportunity to challenge and question the juror as to his qualifications, but neglected to do so. State v. Vogel, 22 Wis. 449 ; Rex v. Sutton, 8 Barn. & C. 417; State v. Quarrel, 2 Bay, 150; Williams v. State, 37 Miss. 407.

It is argued by the defendant that, by the federal constitution, he is entitled to a trial by an impartial jury, and that, as by our statute the relationship disqualifies, he has not had such a trial. The statute, however, that mace this disqualification provided that the question must be raised by challenge before evidence is given in the action. Code Cr. Proc. §§ 369–371. The constitutional provision does not, however, prevent the legislature from regulating the method of procuring and impaneling a jury (Stokes v. People, 53 N. Y. 173) ; and, if the defendant does not take advantage of statutory provisions designed to protect his rights, he should not complain, in the absence of proof of injury. Failure to challenge by reason of

want of knowledge as to the cause is not a ground for a motion in arrest of judgment. Code Cr. Proc. § 467; People v. Meakin, 133 N. Y. 216, 30 N. E. 828. A new trial can be granted only in the cases provided in section 465. It it not apparent how the present case can be brought within any of the provisions of section 465, as the defendant failed to inquire, and no misconduct is chargeable to the juror, and it does not appear that the substantial rights of the defendant have been prejudiced. We fail to find any good reason for reversal of the judgment, and it should be affirmed.

Judgment and order affirmed. All concur.

## NOTE TO CHALLENGE TO ARRAY.

Challenge to the array of jurors is an objection to the whole panel at once. State v. Hogan, 35 A. 508; 67 Conn. 581.

Objection of defendant to the jurors, after the regular panel had qualified, on the ground that they had not been summoned by the elisor, whom the court had appointed to summon the jury because of the sheriff's disqualification, is a challenge to the array. State v. Wheeden (Mo. Sup.), 34 S. W. 473.

Fact that the sheriff failed to summon several of the special venire drawn from the jury box, or that the jury box was not revised by the county commissioners, is no ground of challenge to the array, in the absence of any claim that any names were improperly in the box, that any had been there fraudulently, or that any had been taken out. State v. Stanton (N. C.), 24 S. E. 536.

It is no ground for motion to quash the array that the jury commissioner selected himself as a member of the jury. Mc-Camant v. State (Tex. Cr. App ), 34 S. W. 610.

Fact that the jury were summoned by the sheriff and not by the coroner, as previously ordered does not furnish sufficient ground of challenge to the array, where defendant's attorney expressly admits that the jurors were personally unobjectionable and were not illegally summoned save in the respect above specified. Boykin v. People (Colo. Sup.), 45 P. 419.

Under § 1064, Cal. Pen. Code, a challenge to a panel, summoned on special venire, on the ground that the panel were nonresidents of the county, will not lie. People v. Wallace, (Cal.), 35 P. 862.

It is no ground for a challenge to the array that one of the men, named on the list of a special venire was dead and another had removed from the county. State v. Whitt, 18 S. E. 715,