LOUIS BUSSE, Appellant, v. MARQUIS BARR, WARDEN OF THE STATE PENITENTIARY AT ANAMOSA.

**Grand jury:** NUMBER: WAIVER OF OBJECTION. A defendant whose challenge to a member of the grand jury has been sustained, thus reducing the number to whom his case is submitted to six, waives·the error in the omission to fill the vacancy by failing to object to the submission of his case to the incomplete jury, and by failing to object to a trial on the indictment found by such jury.

**Same:** CONSTITUTIONAL RIGHTS. A constitutional right for the bene‑fit of an accused may be waived, and a conviction based on the waiver of an objection to the grand jury returning the indictment is valid, when rendered by a court of competent jurisdiction.

**Habeas corpus:** VALIDITY OF INDICTMENT. One convicted in a court having jurisdiction cannot test the validity of the indictment on which he was tried in a habeas corpus proceeding.

**Capital punishment:** JUDGMENT AUTHORIZING WARRANT. The affirmance of a conviction and sentence to capital punishment by reason of an equally divided court is sufficient authority for the governor to issue a warrant for the execution of defendant.

**Reasonable doubt.** The fact that the appellate court is equally divided on the question of defendant's guilt does not raise a reasonable doubt which will entitle him to an acquittal or conviction for a lesser degree of crime, as the statute relating to reasonable doubt is applicable only to a jury trying questions of fact and not to a court deciding questions of law.

*Appeal from Linn District Court.*— HON. WM. G. THOMPSON, Judge.

THURSDAY, NOVEMBER 22, 1906.

APPEAL by plaintiff from an order of Wm. G. Thompson, judge of the district court of Linn county, in a *habeas corpus* proceeding, dismissing the plaintiff's petition and remanding the plaintiff to the custody of the defendant, the warden of the State penitentiary at Anamosa, Iowa.— *Affirmed.*

*Gibson & Dawson,* for appellant.

*C. W. Mullan,* Attorney General, for appellee.

PER CURIAM.— The appellant, being in the custody of the defendant under sentence of execution, on conviction of the crime of murder in the first degree, sued out a writ of *habeas corpus* before the judge of the district court of the county in which the State penitentiary in which he is confined is located, asking discharge for reasons which will be considered in detail. After a trial on the merits, the district judge dismissed his petition, and remanded him to defendant's custody, to await execution, which, after two postponements, has been set by the Governor of the State to take place on the 12th day of December next. The sentence for capital punishment was imposed in due form by the district court of Bremer county, to which the prosecution against the plaintiff was removed on change of venue from Butler county, where this plaintiff was indicted at the October term, 1901, for the murder of his wife, having been bound over to await the action of the grand jury on a preliminary examination.

I. The grand jury of Butler county, duly impaneled, after the appellant was committed on preliminary examination, was composed of seven members. The appellant challenged one of the members of the grand jury for disqualification to act as a grand juror in the case against him, and this challenge was sustained and such grand juror ordered and directed not to act in said

1. GRAND JURY:
number:
waiver of
objection.

case, and he did not act as such grand juror therein. But the vacancy in the grand jury, occasioned by the challenge of this grand juror was not filled and the six grand jurors as to whom no objections were made, proceeded to act as a grand jury on the case of the appellant and returned into court the indictment on which he was subsequently tried. Appellant now contends that the vacancy should have been filled by the selection of another grand juror for appellant's case, under the provisions of Code, section 5246, as amended by the 27th General Assembly, chapter 114, section 2 (Code Supp. page 551) as follows:

If a challenge to an individual grand juror be allowed, he shall not be present at or take any part in the consideration of the charge against the defendant. If a challenge to the panel is allowed, or if by reason of challenges to individual grand jurors being allowed, or if for any cause at any time, the grand jury is reduced to a less number than seven, a new grand jury shall be impaneled to inquire into the charge against the defendant in whose behalf the challenge to the panel has been allowed, or the panel of the jury so reduced below the number required by law shall be filled as the case may be. If a challenge is allowed to the panel the names of jurors required to impanel a new jury shall be drawn from the grand jury list. If such grand jury has been reduced to a less number than seven by reason of challenges to individual jurors being allowed, or from any other cause, the additional jurors required to fill the panel shall be summoned, first, from such of the twelve jurors originally summoned which were not drawn on the grand jury as first impanelled, or excused, and if they are exhausted, the additional number required shall be drawn from the grand jury list and the court shall, when necessary, issue a venire to secure attendance of such additional jurors. The persons so served shall serve only in the case, or cases, in which, by reason of challenges, or other causes, the regular panel is set aside or is insufficient in number to find an indictment.

The contention of this appellant is that a grand jury composed of only six grand jurors, who were qualified to

act upon his case, was not a lawful grand jury, and that the indictment returned by such six grand jurors was a nullity, and therefore the conviction of appellant on the charge in such indictment was also a nullity and furnishes no legal justification for his detention by the warden of the penitentiary on such conviction. A sufficient answer to this contention is that, although the omission to fill the vacancy in the grand jury for the consideration of appellant's case may have been an error in procedure, it was an error which was waived by the failure of the appellant to make any objection at the time to the submission of his case to a grand jury composed of only six members qualified to act, and by failing to make any objection to his being tried on the indictment as returned. *State v. Wheeler,* 129 Iowa, 100. In this case it was held that a conviction on an indictment found by not less than five grand jurors, when the panel of the grand jury consists of seven members (see Code, section 5274) is not reversible on that ground, although one of the seven members of the regular panel is disqualified to act in the finding of the particular indictment, and the place of such disqualified grand juror has not been filled as required by statute.

It is contended, however, that the right to indictment by a lawful grand jury as a basis for further proceedings in a criminal prosecution is constitutional and cannot be

2. Same: constitutional rights.

waived, and that Code, section 5321, which denies to a defendant, who has been held to answer before the impaneling of the grand jury which returns the indictment against him, the right to move to set aside the indictment on the ground " that the grand jury were not selected, drawn, summoned or sworn as prescribed by law " (Code, section 5319) is unconstitutional. The provision of the Constitution (article 1, section 11) is that no person shall be held to answer for a felony, unless on indictment by a grand jury, with certain exceptions not here material, and, by an amendment to the Constitution adopted

in 1884, it is provided that the grand jury may consist of any number of members, not less than five nor more than fifteen, as the General Assembly may by law provide. The appellant contends that, though the General Assembly might have provided for an indictment by a grand jury of not less than five members, yet, as in this· case, the statute required seven members, an indictment by a less number was not valid, and that, therefore, to subject the appellant to trial on an indictment not found by a grand jury of seven qualified grand jurors was a denial to him of his constitutional rights. It is evident, however, that the objection to an indictment found by a grand jury of seven members duly constituted, one only of whom was disqualified for a particular case, so that the grand jury was, in fact, composed of at least five members who joined in finding the indictment, five grand jurors being authorized to find an indictment as provided by the statute above cited, was an objection which could be waived by the defendant, or could be denied to him by statute, without impairment of any constitutional provision. We have held that the constitutional right to twelve trial jurors can be waived, at least to the extent of consenting to a trial by eleven jurors, although, under the Constitution, twelve jurors are required and must unite in a verdict. *State v. Kaufman,* 51 Iowa, 578; *State v. Grossheim,* 79 Iowa, 75.

That constitutional provisions for the benefit of persons accused may be waived and a conviction based on such waiver will be valid, provided it is pronounced by a court having jurisdiction and duly constituted to try the case, is settled beyond all controversy. *Harris v. People,* 128 Ill. 585 (21 N. E. 563, 15 Am. St. Rep. 153); *Commonwealth v. Dailey,* 12 Cush. (Mass.) 80; *State v. Sackett,* 39 Minn. 69 (38 N. W. 773); *People v. Petrea,* 92 N. Y. 128, 142; *People v. Mack,* 54 N. Y. Supp. 698; *Hallinger v. Davis,* 146 U. S. 314 (13 Sup. Ct. 105, 36 L. Ed. 986). The objection to the grand jury now relied upon was not urged at the time

the defendant's case was submitted to it, although he had himself, by challenge to one of the grand jurors, brought about the deficiency in number of which he now complains; nor was it urged during the trial, nor by motion in arrest of judgment, nor as error on appeal to this court. If the right to have his case determined by a grand jury of seven qualified members was a constitutional right, he certainly waived it by not insisting upon such right at any stage in the proceedings, between the submission of his case to the grand jury and the final affirmance of his conviction on appeal to this court.

II. It has not seemed necessary to amplify the views expressed in the proceeding division of this opinion for the reason that the objections of the appellant to the indictment could in no event be available to him in this proceeding by *habeas corpus* to secure his discharge. In the chapter of the Code

3. Habeas corpus: validity of indictment.

regulating the procedure under the writ it is provided (section 4451) that it is not permissible in such proceeding " to question the correctness of the action of the grand jury in finding a bill of indictment, or of the trial jury in the trial of a cause, nor of a court or judge when lawfully acting within the scope of their authority." Counsel attempt to meet this statutory provision by the claim that it is in conflict with the guaranty found in our Constitution (article 1, section 13) that " the writ of *habeas corpus* shall not be suspended or refused when application is made as required by law, unless, in case of rebellion or invasion, the public safety may require." But certainly no more is guarantied than the right to such relief under the writ as is customarily granted at common law, and it is well settled that *habeas corpus* will not lie at common law to correct errors of a court having jurisdiction of the subject-matter and the person charged. *Zelle v. McHenry,* 51 Iowa, 572, 577; *State v. Orton,* 67 Iowa, 554; *In re Pikulik,* 81 Wis. 158 (51 N. W. 261); *In re Schuster,* 82 Wis. 610 (52 N. W. 757).

Thus it was held in *Turney v. Barr,* 75 Iowa, 758, that a
conviction based on a verdict directed by the court and not
voluntarily rendered by the jury trying the case was not so
far void as to admit of collateral attack in a *habeas corpus*
proceeding, for the court rendering such judgment of con-
viction had jurisdiction to try the case, and no error or
irregularity, however gross, would render the judgment sub-
ject to such collateral attack.    Certainly a mere irregularity
in the finding of the indictment could not have greater effect
to render the conviction void than the total want of a ver-
dict on which to render judgment.    An adequate remedy
against a conviction procured by errors and irregularities
is afforded by appeal.    Church, Habeas Corpus (2d Ed.)
section 362 *et seq.*    This remedy was resorted to by appel-
lant, but he did not see fit to urge that the court erred in
any way with reference to the finding of the indictment.
Nor did he question its validity.    Plainly, he cannot now,
on a *habeas corpus* proceeding, question the validity of the
conviction on these grounds.    The rule that one convicted
in a court having jurisdiction cannot question the validity
of the indictment on which he is tried, or the regularity of
the subsequent proceedings, is not a mere statutory regula-
tion, but it is a part of the common law, with reference to
which our constitutional guaranty must be interpreted.
Church, Habeas Corpus (2d Ed.) section 244.

III. Another ground urged as rendering the confine-
ment of appellant illegal is that the Governor had no lawful
authority to issue the warrant for the execution of appellant,
**4. CAPITAL PUNISHMENT: judgment authorizing warrant.** after the day of execution fixed in the original
sentence had passed, without being enforced
by reason of the pendency in this court of
the appeal from such conviction.    This claim is predicated
upon the following facts: On the consideration of the
appeal in this court, from the conviction and sentence to
capital punishment, the judges of the court were equally
divided upon the question whether there was error in the

instruction of the lower court as to the definition of manslaughter, an offense necessarily included in that of murder in the first degree, with which the appellant was charged, and as to which an instruction was necessary. *State v. Busse,* 127 Iowa, 318. This equal division resulted in the affirmance of the conviction. See Code, section 195. The views of the judges were stated in the two opinions, each of which announced that, by reason of the equal division of the court, on this question, the judgment of the lower court was affirmed. It is claimed by appellant that no other judgment than this announcement of opinion and the consequent affirmance of the judgment of the lower court was entered on the records of this court, and therefore that the Governor did not have before him any judgment of this court under which he could act in issuing his warrant for the execution of appellant, as provided in Code, section 4746. The plain answer to this contention is that this court does not have authority in criminal cases to enter any other judgment on an affirmance of a judgment of conviction, from which an appeal is prosecuted, than the judgment which is announced in its written opinion — that the judgment of the lower court is affirmed. Such opinion is duly entered of record in the office of its clerk, and is the record of its action. The judgment of conviction remains the judgment of the lower court, and it is on such judgment that all further proceedings are had. When the Governor had before him in proper form, by copy duly certified, the opinions of the court, announcing its equal division and the consequent affirmance of the conviction in the lower court, he had the judgment of this court, on which it was his duty to issue a warrant for the execution of the appellant. No other judgment could have been rendered in this case by this court, and no other judgment is, in our opinion, contemplated by the section of the Code last above referred to.

IV. In this connection we may properly note the claim that the provision of Code, section 195, that, when the court

is equally divided in opinion, the judgment of the court

5. REASONABLE DOUBT.    below shall stand affirmed, if applied in a criminal case, is in conflict with the provisions of Code, sections 5376 and 5377, that, if there is a reasonable doubt of the guilt of the defendant, or as to the degree of the offense charged of which he is guilty, he shall be acquitted, or convicted only of the lower degree, as the case may be. But the sections relating to reasonable doubt are applicable only to a jury trying questions of fact, and not to a court deciding questions of law. They are in the chapter regulating trial by jury in criminal cases. This court, in determining whether it should reverse the judgment of the trial court for alleged errors committed, was unable to reach the conclusion, by a majority, that there was error. The legitimate and recognized presumption was that the proceedings were regular and proper, and the conviction could not be set aside unless a majority of the court found that error had been committed.

We have examined the record with care and considered fully the questions involved, and reach the conclusion that there is no error on the record. The order of the trial judge, dismissing plaintiff's petition and remanding him to the custody of defendant, is *affirmed*.