### COLE v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. February 28, 1924. Rehearing Denied May 29, 1924.)

No. 6251.

1. **Injunction ☞230(1)—Defendant held entitled to trial in division of district issuing citation and attachment for contempt.**

Where petition and attachment for contempt for a violation of an injunction order of the District Court for the Northern Division of the Eastern District of Missouri were filed in such division, the caption of the order reciting that it issued for the Northern division, and requiring defendant to show cause before it why he should not be punished for contempt, defendant had the right to have the case tried in the Northern Division of the Eastern District of Missouri, unless he waived the same and consented to trial in the Eastern Division of said district.

2. **Contempt ☞44—Filing answer held to waive objection that case should be tried in another division of same district.**

Defendant in contempt proceedings, by filing answer before raising the plea that the case should be tried in another division of the same district, waived the right to object to the jurisdiction.

3. **Venue ☞77—May be waived when subject-matter within cognizance of court.**

Venue may be waived when the subject-matter is within the cognizance of the tribunal.

In Error to the District Court of the United States for the Eastern District of Missouri; Charles B. Faris, Judge.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Action by the United States against Arthur Cole. Defendant was adjudged to be in contempt of court, and he brings error. Affirmed.

Lewis O'Connor and Berryman Henwood, both of Hannibal, Mo., for plaintiff in error.

Allen Curry, U. S. Atty., and Carroll W. Harlan, Asst. U. S. Atty., both of St. Louis, Mo.

Before KENYON, Circuit Judge, and MUNGER, District Judge.

KENYON, Circuit Judge. The facts in this case up to the time of appearance and answer in the District Court of the Eastern Division of the Eastern District of Missouri, with some differences as to detail, are practically the same as in Oscar Steers, Plaintiff in Error, v. United States of America, Defendant in Error, 297 Fed. 116 (opinion this day filed).

[1] The alleged contempt arises out of the claimed violation of the same injunctional order issued by the United States District Court of the Northern Division of the Eastern District of Missouri. August 4, 1922, the district attorney for the Eastern District of Missouri filed in the office of the clerk of the District Court of the United States for the Northern Division of the Eastern District of Missouri a petition for citation for contempt in the case of United States of America v. Arthur Cole, Defendant, marked "Criminal Cause No. 537." This was supported by affidavit, and the following indorsement appears thereon:

"No. 537. In the District Court of the United States for the Eastern District of Missouri. United States of America, Complainant, v. Arthur Cole, Defendant. Petition. Filed Aug. 4, 1922, [Signed] Jas. J. O'Connor, Clerk, by [Signed] Lucius G. Ross, Deputy."

Hon. Andrew Miller, Judge, issued an attachment for contempt which was presumably filed in the United States District Court for the Northern Division of the Eastern District of Missouri; the caption thereof being as follows:

"Filed in U. S. District Court under date of August 4th, 1922.

"Be it remembered that at a District Court of the United States of America in and for the Northern Division of the Eastern District of Missouri, begun and holden on Friday, the 4th day of August, 1922, at the United States court room in the city of St. Louis and state of Missouri, the Honorable Andrew Miller, Judge, presiding and holding said court, the following proceedings were had, to wit: United States of America v. Arthur Cole."

This order provided for an attachment of Cole, and required him to show cause before "this court" at St. Louis, Mo., on August 12, 1922, why he should not be punished for contempt.

In pursuance of the same on August 18th he filed answer to the complaint. August 28, 1922, he filed a plea to the jurisdiction claiming the case should be tried in the Northern Division of said Eastern District of Missouri. The plea to the jurisdiction was overruled, the case was tried to a jury, and Cole was convicted.

For the reasons stated in the opinion in case No. 6252, Oscar Steers, Plaintiff in Error, v. United States of America (opinion this day filed), plaintiff in error had the right to have the case tried in the Northern Di-

vision of the Eastern District of Missouri unless he waived the same and consented to trial in said Eastern Division.

[2, 3] In filing answer and in failing to raise the plea of jurisdiction before answer he waived his right to place of trial in the Northern Division. It is not a question of attempting to confer jurisdiction of the subject-matter by agreement as in the case of St. Louis Smelting & Refining Co. v. Nix (C. C. A.) 272 Fed. 977. Jurisdiction of the subject-matter unquestionably existed. It was merely a question of conferring jurisdiction of the person, and was in the nature of a waiver of venue. Such rights can be waived where the subject-matter is within the cognizance of the tribunal. Stallings v. Splain, 49 App. D. C. 38, 258 Fed. 510; McPhee & McGinnity Co. v. Union Pac. R. Co. et al., 158 Fed. 5, 87 C. C. A. 619; Black on Constitutional Law, 567; 1 Bishop, Criminal Procedure, § 123; State v. Kinney, 41 Iowa, 424; Busse v. Barr, 132 Iowa, 463, 109 N. W. 920; Hawkins v. Bleakley (D. C.) 220 Fed. 378; U. S. v. Gale, 109 U. S. 65, 3 Sup. Ct. 1, 27 L. Ed. 857. The government by proceeding to trial in the Eastern Division waived its right to trial in the Northern Division. Plaintiff in error waived his right to trial in the Northern Division by appearing and answering without objection in the Eastern Division. That closes the question, as the District Court of the Eastern Division of the Eastern District of Missouri had the power to hear and determine the subject-matter of the controversy if no objection were raised. In addition to cases previously cited on the question of waiver, the following may be consulted on the general doctrine: Ex parte in the Matter of Chicago, Rock Island & Pacific Railway Co., Petitioner, 255 U. S. 273, 41 Sup. Ct. 288, 65 L. Ed. 631; Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264; In re Moore, 209 U. S. 490, 501, 28 Sup. Ct. 585, 52 L. Ed. 904, 14 Ann. Cas. 1164; Central Trust Co. v. McGeorge, 151 U. S. 129, 14 Sup. Ct. 286, 38 L. Ed. 98; Western Loan Co. v. Butte & Boston Min. Co., 210 U. S. 368, 28 Sup. Ct. 720, 52 L. Ed. 1101; Lowther v. New York Life Ins. Co. et al. (C. C. A.) 278 Fed. 405; Muscatine Lighting Co. v. City of Muscatine (D. C.) 256 Fed. 929; Texas & Pacific Ry. Co. v. Cox, 145 U. S. 593, 12 Sup. Ct. 905, 36 L. Ed. 829; Martin v. Baltimore & Ohio R., 151 U. S. 673, 14 Sup. Ct. 553, 38 L. Ed. 311; 12 Corpus Juris, p. 769, § 190, page 774, § 203.

A review of the evidence convinces that it was sufficient to sustain the finding of the jury as to the violation of the injunction order by plaintiff in error, Cole, and the judgment is affirmed.