**IN THE COURT OF APPEALS OF IOWA**

No. 24-0669
Filed May 7, 2025

**ISAAC LESLEY NEAL, JR.,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

    Appeal from the Iowa District Court for Scott County, Patrick A. McElyea,
Judge.

    A postconviction applicant appeals the denial of relief. **AFFIRMED.**

    Richard Hollis, Des Moines, for appellant.

    Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney
General, for appellee State.

    Considered without oral argument by Ahlers, P.J., and Badding and
Buller, JJ.

**BULLER, Judge.**

We have seen a recent spate of cases in which prison inmates have attempted to initiate postconviction litigation long past the statute of limitations by relying on *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022).[1] The inmates' argument—reprised here by Isaac Neal in a bid to challenge his 1982 kidnapping conviction with this sixth postconviction application—essentially claims that the postconviction statute of limitations is unconstitutional unless there was a historical analogue at the founding. The postconviction court rejected this claim and others on summary disposition below, and we affirm.

We reject the *Bruen* challenge for three reasons. First, Neal does not cite— nor are we aware of—any majority opinion applying *Bruen* as he requests outside the context of the Second Amendment generally or to a postconviction statute of limitations specifically. And we are not inclined to be the first court to do so, especially when Neal offers no compelling justification for this radical expansion of *Bruen*'s analysis. Second, our supreme court has repeatedly turned back challenges to the constitutionality of the postconviction statute of limitations and those cases bind us. *See, e.g.*, *Perez v. State*, 816 N.W.2d 354, 360 (Iowa 2012); *Davis v. State*, 443 N.W.2d 707, 709–10 (Iowa 1989). And third, even if we were to go traipsing through history, Iowa's history supports the statute of limitations. As our supreme court explained, "the framers of the [state] constitution expressly

---

[1] *See, e.g.*, *Thongvanh v. State*, No. 24-0783, 2025 WL 547744 (Iowa Ct. App. Feb. 19, 2025); *Lord v. State*, No. 24-0065, 2025 WL 272579 (Iowa Ct. App. Jan. 23, 2025); *Schawitsch v. State*, No. 24-0135, 2025 WL 271621 (Iowa Ct. App. Jan. 23, 2025); *Dao v. State*, No. 23-1629, 2024 WL 3887440 (Iowa Ct. App. Aug. 21, 2024).

provided general authority for legislative restriction on the exercise of the right of habeas corpus," and that authority extends now to the postconviction statute. *See Davis*, 443 N.W.2d at 709. Plus, strict procedural limitations have applied to these claims in habeas litigation at least as far back as the late 1800s. *See* Iowa Code § 4451 (1897); *id.* § 3483 (1873); *see also Busse v. Barr*, 109 N.W. 920, 922 (Iowa 1906) (holding the 1897 statute was constitutional). Neal's *Bruen* claim is meritless, for multiple reasons.

We also dispose summarily of three other minimally developed claims in Neal's appellate brief. *See* Iowa Ct. R. 21.26(1)(d), (e). First, Neal claims he advances an "illegal sentence" claim he can raise at "any time" because the courthouse doors were closed when the verdict was returned. Whatever this claim may be, it is not an illegal-sentence challenge. *See, e.g.*, *Jefferson v. Iowa Dist. Ct.*, 926 N.W.2d 519, 525 (Iowa 2019) ("[A] motion challenging a defendant's underlying conviction is not a motion to correct an illegal sentence."). Second, Neal claims the statute of limitations should not apply because he filed his application pro se. He cites no authority supporting this claim, and it is well-settled that "[t]he law does not judge by two standards, one for lawyers and the other for lay persons." *Metro. Jacobson Dev. Venture v. Bd. of Rev. of Des Moines*, 476 N.W.2d 726, 729 (Iowa Ct. App. 1991). And third, even if we credit all of Neal's factual assertions, he learned of the allegedly newly discovered evidence in 2018 and did not file this application until 2023—two years too late. *See* Iowa Code § 822.3 (2023); *Fountain v. State*, No. 17-2024, 2019 WL 5424928, at *2 (Iowa Ct. App. Oct. 23, 2019). The postconviction court correctly denied relief.

**AFFIRMED.**