**IN THE COURT OF APPEALS OF IOWA**

No. 24-0937
Filed July 23, 2025

**LARRY NATHANIEL KENNEDY,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Webster County, Bethany Currie,
Judge.

The applicant appeals the summary dismissal of his fourth application for
postconviction relief. **AFFIRMED.**

Elizabeth K. Elsten, Spirit Lake, for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney
General, for appellee.

Considered without oral argument by Greer, P.J., and Badding and
Chicchelly, JJ.

**GREER, Presiding Judge.**

In 2000, a jury found Larry Kennedy guilty of first- and second-degree sexual abuse. Kennedy unsuccessfully challenged his convictions on direct appeal, *see generally State v. Kennedy*, No. 00-2058, 2002 WL 984515 (Iowa Ct. App. May 15, 2002), and procedendo issued in August 2002. Accordingly, Kennedy's three-year window to seek postconviction relief (PCR) closed in 2005. *See* Iowa Code § 822.3 (2005). Yet he filed this PCR action—his fourth—in July 2023.[1] The district court dismissed his application as time-barred.

Kennedy appeals. First, he recognizes that he needs to establish an exception to the statute of limitations for his application to survive summary dismissal.[2] This means Kennedy had to set forth "a ground of fact or law that could not have been raised within the applicable time period." *Id.* "The onus is on the applicant" asking for PCR outside the statute of limitations to "meet the 'obvious requirement' that he or she could not have raised the ground of fact within the limitations period." *Moon v. State*, 911 N.W.2d 137, 143 (Iowa 2018) (citation omitted). The applicant also has the burden to show that "the ground of fact is

---

[1] We most recently decided an appeal from the dismissal of Kennedy's third PCR application. *See generally Kennedy v. State*, No. 20-0905, 2021 WL 1400081 (Iowa Ct. App. Apr. 14, 2021). "Kennedy's appeal from the denial of his first [PCR] application was dismissed in 2005 and his second [PCR] application was dismissed 2019[] with no appeal." *Id.* at *1 n.1.

[2] "We generally review [PCR] proceedings, including summary dismissals of postconviction-relief applications, for errors at law." *Moon v. State*, 911 N.W.2d 137, 142 (Iowa 2018). We apply "summary judgment standards to the statute-of-limitations issue." *Id.* at 143. This means "[w]e view the record in the light most favorable to the nonmoving party" and only conclude summary disposition was appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show . . . there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *Id.* at 142 (citation omitted).

relevant to the challenged conviction." *Schmidt v. State*, 909 N.W.2d 778, 798 (Iowa 2018) (citation omitted). Within this context, "relevant" means "the type of fact 'that has the potential to qualify as material evidence for purposes of a substantive claim under section 822.2.'" *Id.* (citation omitted).

Kennedy's PCR application was silent as to any new ground of facts. But at the hearing on the motion to dismiss, his counsel pointed to the record from the underlying criminal trial where one of the twelve jurors indicated he had not been able to comprehend what was happening at trial due to his inability to hear. PCR counsel stated they intended to raise as a substantive issue that Kennedy was, for all intents and purposes, convicted by only eleven jurors since one of the twelve was unable to follow along with the presentation of evidence. The district court ruled this was not a new ground of fact that overcame the statute of limitations, concluding "it seems obvious that Mr. Kennedy was or should have been alerted to the potential claim within the statute of limitations period." Kennedy challenges this ruling on appeal, asserting, "This was not something [he] could have been made aware of at the time or within the three year statute of limitations without effective assistance of counsel. Kennedy had to rely on the effectiveness and investigation of counsel as he could not interview jury members himself."

Even viewing the record in the light most favorable to Kennedy, this claim fails. The record from the criminal trial establishes that Kennedy was personally present in the judge's chambers at the time the juror made these statements— Kennedy did not need someone else to alert him to this fact later; he heard it himself at the time the statement was made. Kennedy was aware during his

criminal trial that one of the twelve jurors was experiencing difficulty hearing the evidence; he cannot claim this as a new ground of fact now.

Second, Kennedy argues the statute of limitations in section 822.3 is unconstitutional in the face of *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). We reject this challenge for three reasons:

> . . . [Kennedy] does not cite—nor are we aware of—any majority opinion applying *Bruen* as he requests outside the context of the Second Amendment generally or to a postconviction statute of limitations specifically. And we are not inclined to be the first court to do so, especially when [Kennedy] offers no compelling justification for this radical expansion of *Bruen*'s analysis. Second, our supreme court has repeatedly turned back challenges to the constitutionality of the postconviction statute of limitations and those cases bind us. *See, e.g.*, *Perez v. State*, 816 N.W.2d 354, 360 (Iowa 2012); *Davis v. State*, 443 N.W.2d 707, 709–10 (Iowa 1989). And third, even if we were to go traipsing through history [as proponents of applying *Bruen*'s "historical tradition" test suggest we should], Iowa's history supports the statute of limitations. As our supreme court explained, "the framers of [Iowa's] constitution expressly provided general authority for legislative restriction on the exercise of the right of habeas corpus," and that authority extends now to the postconviction statute. *See Davis*, 443 N.W.2d at 709. Plus, strict procedural limitations have applied to these claims in habeas litigation at least as far back as the late 1800s. *See* Iowa Code § 4451 (1897); *id.* § 3483 (1873); *see also Busse v. Barr*, 109 N.W. 920, 922 (Iowa 1906) (holding the 1897 statute was constitutional).

*Neal v. State*, No. 24-0669, 2025 WL 1321447, at *1 (Iowa Ct. App. May 7, 2025).

Finally, Kennedy claims he received ineffective assistance from PCR counsel. He argues, "Had the trial court been presented with the 'substantive issues' that counsel referenced in the hearing, the trial court would have had to deny the [m]otion to [d]ismiss." "Yet [Kennedy] has failed to identify or argue a single claim his PCR counsel should have pursued that would have entitled him to relief." *Jones v. State*, No. 15-1715, 2016 WL 4384142, at *3 (Iowa Ct. App. Aug. 17, 2016). So, Kennedy has failed to establish that PCR counsel breached

a duty.  *See, e.g.*, *Harkless v. State*, No. 16-2082, 2017 WL 6513966, at *2 (Iowa Ct. App. Dec. 20, 2017) (rejecting a claim of ineffective assistance where applicant "identifie[d] no *meritorious* claim that PCR counsel should have raised or raised more effectively").  His claim of ineffective assistance of PCR counsel fails.

We affirm the dismissal of Kennedy's fourth PCR application.

**AFFIRMED.**