# IN THE COURT OF APPEALS OF IOWA

No. 18-0427
Filed June 19, 2019

**JESSE NEITZEL,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Carroll County, Gary L. McMinimee,

Judge.

        Jesse Neitzel appeals the summary disposition of his postconviction-relief

application. **AFFIRMED.**

        Edward Fishman of Hopkins & Huebner, P.C., Adel, for appellant.

        Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney

General, for appellee State.

        Considered by Vaitheswaran, P.J., and Tabor and May, JJ.

**MAY, Judge.**

Jesse Neitzel appeals the dismissal of his postconviction-relief (PCR) action. Neitzel does not claim error by the PCR court. Instead, Neitzel claims his counsel was ineffective in allowing this action to be dismissed. We affirm but preserve Neitzel's ineffective-assistance claims.

## I.  Background.

A jury found Neitzel guilty of sexual abuse in the second degree, a class "B" forcible felony. Neitzel was sixteen years old when the alleged conduct occurred.

In June 2010, the district court sentenced Neitzel to a term of incarceration not to exceed twenty-five years with a mandatory minimum of 17.5 years. Neitzel appealed, and this court affirmed. *See State v. Neitzel*, 801 N.W.2d 612, 626 (Iowa Ct. App. 2011).

In 2014, our supreme court decided *State v. Lyle*, 854 N.W.2d 378 (Iowa 2014). The *Lyle* court held mandatory minimums are unconstitutional "in cases involving conduct committed by youthful offenders." 854 N.W.2d at 402. *Lyle* also prescribed several factors for sentencing courts to consider when deciding whether to impose a minimum sentence. *Id.* at 404 n.10.

Neitzel filed an application for resentencing. Consistent with *Lyle*, the district court held a resentencing hearing. Ultimately, though, the district court again concluded "it is appropriate to require [Neitzel] to serve the minimum sentence of 17.5 years before becoming eligible for parole."

In June 2017, our supreme court decided *State v. Roby*, 897 N.W.2d 127 (Iowa 2017). *Roby* "further developed" the sentencing factors announced in *Lyle*. *State v. Harrison*, 914 N.W.2d 178, 190 (Iowa 2018).

In July 2017, Neitzel commenced this PCR action. Among other things, Neitzel requests another resentencing hearing, this time based on *Roby*.

The State moved for summary disposition based on Iowa Code section 822.3 (2017), the three-year statute of limitations for PCR actions. In a written response, Neitzel's PCR counsel admitted that Neitzel's PCR claims "would now be time-barred." Counsel also pointed out, however, that "the correct vehicle" for Neitzel to challenge his sentence is not a PCR action, but rather "a motion for correction of illegal sentence, pursuant to Iowa R. Crim. P. 2.24(5)(a)." In a reported hearing, Neitzel and his counsel seemed to agree that (1) they would not resist the State's motion for dismissal of this PCR action; but (2) separately, Neitzel would pursue a motion for resentencing. The PCR court granted the State's motion and dismissed. This appeal followed.

## II. Discussion.

On appeal, Neitzel does not argue the PCR court erred in dismissing his PCR action. Instead, Neitzel claims counsel was ineffective in failing to resist the State's motion for summary disposition.

We can review Nietzel's ineffective-assistance-of-counsel claims "if the record is sufficient to reach" them. *State v. Harris*, 919 N.W.2d 753, 754 (Iowa 2018). "If the record is insufficient to allow" review at this stage, we will allow Neitzel "to raise the claim in a separate postconviction-relief action." *Id.* Likewise, "[i]f the development of the ineffective-assistance claim in the appellate brief was insufficient to allow its consideration, the court of appeals should not consider the claim, but it should not outright reject it." *Id.*

Applying these principles here, we find the record is not sufficiently developed for our review of Neitzel's ineffective-assistance claims. Therefore, we do not consider those allegations now. *See id.*

It is true, as the State concedes, that "[p]erhaps [PCR] counsel could have requested the district court treat [Neitzel's] application for postconviction relief as a motion to correct an illegal sentence." *Cf. Veal v. State*, 779 N.W.2d 63, 65 (Iowa 2010). On the present record, however, we cannot conclude that counsel's failure to make that request was "outside the range of normal competency" and, therefore, constituted a "breach of an essential duty." *Morgan v. State*, 469 N.W.2d 419, 426 (Iowa 1991); *see State v. Coil*, 264 N.W.2d 293, 296 (Iowa 1978) ("Counsel may, indeed, have had good reason for each step he [or she] took or failed to take."). Nor is the record adequate to determine whether Neitzel was prejudiced by counsel's strategy. *See Morgan*, at 427–28. Although his PCR case was dismissed, Neitzel remains free to pursue resentencing "consistent with [Iowa's] current juvenile sentencing jurisprudence," including *Roby*. *State v. Zarate*, 908 N.W.2d 831, 856 (Iowa 2018). Moreover, under *Jefferson v. Iowa District Court*, Neitzel will have the right to request the appointment of counsel for his resentencing. 926 N.W.2d 519, 524–25 (Iowa 2019).

### III. Conclusion.

For the reasons explained, we affirm but preserve Neitzel's ineffective-assistance claims for the possibility of "a separate postconviction-relief action" in the future. *See Harris*, 919 N.W.2d at 754.

**AFFIRMED.**