# IN THE COURT OF APPEALS OF IOWA

No. 19-0345
No. 19-0131
Filed November 6, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**RONALD DEAN AGEE,**
    Defendant-Appellant.
_____

**RONALD DEAN AGEE,**
    Petitioner-Appellant
**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeals from the Iowa District Court for Polk County, Jeffrey D. Farrell, Judge (19-0345) and the Iowa District Court for Jasper County, Thomas P. Murphy, Judge (19-0131).

Ronald Agee appeals the district court's dismissal of his petition for writ of habeas corpus and denial of his motion to correct an illegal sentence. **AFFIRMED ON BOTH APPEALS.**

Ronald Agee, Newton, pro se appellant.

Thomas J. Miller, Attorney General, Darrel Mullins, Assistant Attorney General and John R. Lundquist, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Mullins and Greer, JJ.

**GREER, Judge.**

Ronald Agee appeals the district court's dismissal of his petition for writ of habeas corpus and denial of his motion to correct an illegal sentence. Agee argues he can pursue his claims through a petition for habeas corpus and also that he was entitled to an automatic discharge of his lifetime special sentence after ten years with credit for time served in prison. We disagree and affirm the district court rulings.

### I. Background Facts and Proceedings.

In July 2007, Agee was charged with two counts of sexual abuse in the third degree and one count of wanton neglect of a resident of a health care facility. In October, the district court accepted his guilty plea to one count of sexual abuse in the third degree in violation of Iowa Code section 709.1 and .4 (2007), a class "C" felony. As a punishment, the district court sentenced him to ten years in prison as well as a lifetime special sentence under Iowa Code section 903B.1. Agee discharged the prison sentence on February 4, 2013, and was released. At that point, he began serving his lifetime special sentence.

According to Agee, he violated the conditions of his special sentence on June 3, 2014,[1] and his release was revoked. Agee acknowledges that after revocation of the release, he was given several opportunities to sign a new parole agreement, which would have allowed him to be released. Agee refused and instead remained incarcerated.

---

[1] The record does not show how Agee violated the terms and conditions of his special sentence. Agee does not contest the facts underlying this revocation.

Although scheduled for release on June 3, 2016, Agee asserts that the Iowa Department of Corrections (IDOC) revoked his release for a second time when he again refused to sign a new parole order and agreement at the end of his initial two-year revocation. The record does not reflect his current scheduled release date.

The first appeal involves Agee's filed petition for writ of habeas corpus, docketed in December 2018. The district court dismissed the petition noting that the habeas corpus statute does not apply to individuals convicted of public offenses. Agee moved to amend or enlarge, which was denied. Then, Agee filed a combined notice of appeal and petition for writ of certiorari. The Iowa Supreme Court treated this filing as a notice of appeal and determined Agee could proceed with his appeal of the district court ruling.

As for his second appeal, in January 2019, Agee moved to correct an illegal sentence in his original criminal case. The district court denied the motion. In its ruling, the district court noted that questions about Agee's release were for the Iowa Board of Parole (IBOP) and the IDOC, not the court. Agee moved to enlarge or amend, which was denied. Agee again filed a combined petition for writ of certiorari and notice of appeal. He then moved to consolidate this appeal with the appeal from the dismissal of his petition for habeas corpus. The Iowa Supreme Court again treated Agee's filing as a notice of appeal and declined to consolidate the appeals. This order was confirmed by a three-justice panel.

The Iowa Supreme Court transferred both cases to this court. Although the Iowa Supreme Court declined to consolidate Agee's appeals, we will consider the

appeals together as they arise from the same criminal filings and for judicial economy purposes.

## II.  Standard of Review.

"Habeas corpus proceedings are actions at law and are generally reviewable for corrections of errors at law."  *State v. Hernandez-Galarza*, 864 N.W.2d 122, 126 (Iowa 2015).  We also review rulings on motions to dismiss for correction of errors at law.  *Allison v. State*, 914 N.W.2d 866, 870 (Iowa 2018).

"We may review a challenge that a sentence is illegal at any time."  *State v. Zarate*, 908 N.W.2d 831, 840 (Iowa 2018).  We review non-constitutional claims of an illegal sentence for correction of errors at law.  *Jefferson v. Iowa Dist. Ct.*, 926 N.W.2d 519, 522 (Iowa 2019).  We review constitutional claims of an illegal sentence de novo.  *Id.*

## III.  Analysis.

**A.  Petition for Writ of Habeas Corpus.**  Agee argues the district court should not have dismissed his habeas corpus petition because a revocation of release based on a lifetime special sentence is not a public offense.  Iowa Code chapter 663 (2018) governs habeas corpus proceedings.  Even so "[t]he provisions of [Iowa Code] sections 663.1 through 663.44, inclusive, shall not apply to persons convicted of, or sentenced for, a public offense."  Iowa Code § 822.1.  The proper procedure to challenge a public offense conviction or sentence requires an application for postconviction relief under chapter 822.  We define "[a] public offense [as] that which is prohibited by statute and is punishable by fine or imprisonment."  *Id.* § 701.2.

We have noted that a "special sentence is part of [the] sentence for third-degree sexual abuse." *State v. Sallis*, 786 N.W.2d 508, 515 (Iowa Ct. App. 2009); *see also State v. Harkins*, 786 N.W.2d 498, 505 (Iowa Ct. App. 2009) (same); *State v. Hallock*, 765 N.W.2d 598, 605–06 (Iowa Ct. App. 2009) ("We conclude this special sentencing provision is part of [the defendant's] sentence and is not merely collateral."). Third-degree sexual abuse is prohibited by statute and punishable by fine or imprisonment and is therefore a public offense. *See* Iowa Code §§ 709.1, .4 (2007). For that reason a writ of habeas corpus is unavailable to Agee and we affirm the dismissal of his petition.[2]

**B. Motion to Correct an Illegal Sentence.** Agee next argues that his total amount of time spent in prison for revocations of release must last no longer than the length of the prison sentence for his sex offense or it is an illegal sentence. An illegal sentence is one not authorized by statute. *State v. Wade*, 757 N.W.2d 618, 628–29 (Iowa 2008).

At the outset, we note that the lifetime special sentence imposed under section 903B.1 is specifically authorized by statute. *See, e.g., id.* (concluding sentence under section 903B.2 was specifically authorized by statute and therefore was not an illegal sentence). Section 903B.1 statutorily prescribes a lifetime special sentence for parole, not a ten-year sentence. *See* Iowa Code § 903B.1 (mandating a lifetime special sentence for individuals who commit specified class "B" and "C" felony sex offenses, which "commit[s] the person into the custody of the director of the Iowa department of corrections for the rest of the

---

[2] Agee has not asked our court to treat his petition for writ of habeas corpus as an application for postconviction relief if we find he is unable to pursue a habeas action.

person's life, with eligibility for parole as provided in chapter 906"). "This special sentence in essence provides for a lifetime supervision involving either parole or work release for the offender." *State v. Graham*, 897 N.W.2d 476, 481 (Iowa 2017). Special sentences "ensure the sex offender's activities are supervised and monitored for compliance with the law" and "further protect the citizens of Iowa from sex crimes." *Kolzow v. State*, 813 N.W.2d 731, 737 (Iowa 2012).

Still, Agee argues under Iowa Code sections 903B.1 and 906.15(1),[3] the maximum length of his special sentence was ten years—the length of his prison sentence for his underlying sex offense—less credit for time served. In Agee's calculation, with credit for time served on both his underlying prison sentence and on the revocation of release periods, he has served more than ten years and he is entitled to automatic discharge of the special sentence.

Contrary to Agee's assertions and contingent on Agee's behavior during his special sentence, the total amount of time he spends incarcerated on his special sentence might be less than or greater than his original prison sentence. Case precedent confirms that the revocation of release under a special sentence may exceed the term of imprisonment for the underlying crime. *See Wade*, 757 N.W.2d at 624 ("[Iowa Code section 903B.2] commits an offender into the custody of the department of corrections where 'the person shall begin the sentence under supervision as if on parole.' Any additional imprisonment will be realized only if [the offender] violates the terms of [their] parole." (Citation omitted.)).

---

[3] In 2018, the legislature authorized the numbering of unnumbered paragraphs in section 906.15. 2018 Iowa Acts ch. 1041, § 127. For clarity, we will refer to the numbered paragraphs of section 906.15 as used in the 2019 Iowa Code.

To explain further, if an offender violates the terms and conditions of a special sentence, the "IDOC can seek to revoke the offender's parole, which these statutes refer to as 'a revocation of release.'" *Kolzow*, 813 N.W.2d at 735 (quoting Iowa Code §§ 903B.1–.2). "Unlike a revocation of traditional parole, the offender is not incarcerated for his remaining sentence." *Id.*; *see also* Iowa Code § 908.5(2). For that reason, "[t]he imposition of lifetime parole is not tantamount to a sentence of life imprisonment." *State v. Tripp*, 776 N.W.2d 855, 858 (Iowa 2010). "Instead, these special sentence statutes prescribe maximum 'revocation of release' periods." *Kolzow*, 813 N.W.2d at 735. "The revocation of release shall not be for a period greater than two years upon any first revocation, and five years upon any second or subsequent revocation." Iowa Code § 903B.1.

Agee does not argue that he has been incarcerated for a period of greater than five years for his second revocation of release. Likewise, should Agee continue to violate the terms and conditions of his special sentence, the IBOP can revoke his release for additional five-year periods. In fact, Agee acknowledges the multiple opportunities afforded him to sign a new parole agreement and be released, but he has refused. Even so, Agee argues he is entitled to an automatic discharge of his special sentence. We disagree.

There is a path to discharge of parole. Generally, "[u]nless sooner discharged, a person released on parole shall be discharged when the person's term of parole equals the period of imprisonment specified in the person's sentence, less all time served in confinement." Iowa Code § 906.15(1). However,

with certain exceptions not applicable here,[4] "[s]ection 903B.1 provides for the possibility of release from parole under chapter 906 if the parole board determines that the offender is 'able and willing to fulfill the obligations of a law-abiding citizen without further supervision.'" *Tripp*, 776 N.W.2d at 858 (quoting Iowa Code § 906.15(1)).

With his fate in his hands, if Agee complies with the terms of his special sentence, he will be released on parole or work release. Moreover, if Agee exhibits that he "is able and willing to fulfill the obligations of a law-abiding citizen without further supervision," the IBOP could decide to discharge his special sentence altogether. *See* Iowa Code § 906.15(1). Until then, Agee must comply with the special sentence for life and we reject his arguments related to the term of his incarceration.

## IV. Disposition.

For all of the above stated reasons, we affirm the district court rulings dismissing Agee's petition for writ of habeas corpus and denying Agee's motion to correct an illegal sentence.

**AFFIRMED ON BOTH APPEALS.**

---

[4] "However, a person convicted of a violation of section 709.3, 709.4, or 709.8 committed on or with a child, or a person serving a sentence under section 902.12, shall not be discharged from parole until the person's term of parole equals the period of imprisonment specified in the person's sentence, less all time served in confinement." Iowa Code § 906.15(1). Agee did not offend against a child, nor does his offense fall under section 902.12.