# IN THE COURT OF APPEALS OF IOWA

No. 18-1434
Filed April 15, 2020

**BRYAN DEBARGE SHUFORD,**
        Plaintiff-Appellant,

**vs.**

**IOWA DISTRICT COURT FOR SCOTT COUNTY,**
        Defendant-Appellee.
_____

        Certiorari to the Iowa District Court for Scott County, Nancy S. Tabor,

Judge.


        On a petition for writ of certiorari, the defendant challenges the district

court's summary denial of his motion to correct an illegal sentence without

appointing him counsel.  **WRIT ANNULLED.**


        Thomas Hurd of Greenberg & Hurd, LLP, Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney

General, for appellee.


        Considered by Bower, C.J., and May and Greer, JJ.  Tabor, J., takes no

part.

**GREER, Judge.**

On petition for a writ of certiorari,[1] Bryan Shuford contends his statutory and constitutional right to counsel was violated by the district court when his pro se motion for illegal sentence and request for counsel was summarily denied by the district court without hearing and without appointing him an attorney. Fifteen years after his sentencing, he now appeals from the order denying his 2018 motion to correct his sentence. In *Jefferson v. Iowa District Court*, 926 N.W.2d 519, 524 (Iowa 2019), filed after the district court summarily denied Shuford's motion, the Iowa Supreme Court clarified that an indigent defendant has a right to counsel to advocate a motion to correct an illegal sentence. We must determine whether Shuford's motion and requested relief constitutes an attack on an illegal sentence, *see Goodwin v. Iowa District Court*, 936 N.W.2d 634, 644 (Iowa 2019), and, if so, whether *Jefferson* applies retroactively.

To answer these questions, we review the case process. On July 12, 2018, Shuford moved to correct an illegal sentence and requested court-appointed counsel.[2] The district court denied the motion without hearing and without the benefit of counsel for Shuford. In his self-filed motion, Shuford contended an eighteen year old should be afforded the sentencing limitations allowed for juveniles provided in *State v. Lyle*, 854 N.W.2d 378, 403–04 (Iowa 2014) (holding

---

[1] Shuford filed a petition for writ of certiorari, which our supreme court granted before transferring the case to us.

[2] Shuford murdered a nine-year-old child with a stray bullet he fired. After a trial in 2003, Shuford was convicted of second-degree murder, willful injury, and intimidation. Sentenced in February 2003, he is serving a term not to exceed fifty years on the murder conviction and ten years on the other two crimes concurrent with each other but consecutive to the murder term. Seventy percent of the sentence term was to be mandatory.

that a mandatory minimum sentencing scheme is unconstitutional as applied to a juvenile conduct, and that this holding has "no application to sentencing laws affecting adult offenders"). Shuford was eighteen years old at the time of his crime and nineteen years old at sentencing.

In making his illegal-sentence claim, Shuford referenced arguments made in the *Lyle* dissent challenging studies cited by the majority. Shuford urged:

> In *State v. Lyle* Justice Waterman made an attempt in his dissent (pg.16) but made a valid point in stating the court shouldn't stop at the age 18 but stay true to the study and go all the way to the age of 26. He states: "Will the majority stop here? Under the majority's reasoning, if the teen brain is still evolving, what about nineteen year olds? If the brain is still maturing into the mid-20s, why not prohibit mandatory minimum sentences for any offender under age twenty-six?" I too now say "why not stay true to the studies conducted and referred to in the *Lyle* case?"

In the same motion, Shuford asked for an attorney to represent him.

In its two-page ruling, the district court addressed the clear case law authority of *Lyle* and the nature of Shuford's crimes and pronounced that the sentence was "within statutory guidelines and appropriate based on the offender's needs, the severity of the crime and the circumstances."

A challenge of an illegal sentence can be made at any time. *State v. Zarate*, 908 N.W.2d 831, 840 (Iowa 2018). The standard of review for constitutional issues is de novo. *State v. Harrison*, 914 N.W.2d 178, 187–88 (Iowa 2018). Questions of statutory interpretation are reviewed for correction of errors at law. *State v. Coleman*, 907 N.W.2d 124, 134 (Iowa 2018). The relevant statutory law is found

at Iowa Rule of Criminal Procedure 2.28(1).[3]  In a case decided after Shuford's

motion was denied, a combined motion to correct an illegal sentence and request

for appointed counsel was summarily denied, and our supreme court found,

> A motion to correct illegal sentence is a stage of the original criminal case.  It "takes place entirely in the context of [that case]."  Such a motion is not filed as a separate action.  Indeed, rule 2.24(1) authorizes it as one of the "[p]ermissible motions after trial."  It is true that such a motion may be filed at any time.  Still, it is not filed as a separate action but within the original criminal case.  It is merely a "motion," not an "application," *see* Iowa Code § 822.3 (application for postconviction relief), or even a "petition," *see id.* § 910.7 (petition to modify plan of restitution or restitution plan of payment).  Thus, we believe that under rule 2.28(1), [*State v.*] *Alspach*, [554 N.W.2d 882 (Iowa 1996),] and [*State v.*] *Dudley*, [766 N.W.2d 606 (Iowa 2009),] a right to counsel is triggered.

*Jefferson*, 926 N.W.2d at 524 (citations omitted).

Yet Shuford maintains the district court had no discretion and erred by failing to appoint him counsel.  The State counters with several points.  First, the State contends that since *Jefferson* came after the district court's denial of Shuford's combined motion, its ruling need not be applied here.  Second, even if *Jefferson* applies retroactively, because Shuford's claim is meritless, a summary denial was warranted.

We recognize that illegal sentence claims can be baseless.  *See Goodwin*, 936 N.W2d at 644.  Simply because Shuford called his a motion to correct an illegal

---

[3] Iowa Rule of Criminal Procedure 2.28(1) provides:
> *Representation*.  Every defendant, who is an indigent person as defined in Iowa Code section 815.9, is entitled to have counsel appointed to represent the defendant at every stage of the proceedings from the defendant's initial appearance before the magistrate or the court through appeal, including probation revocation hearings, unless the defendant waives such appointment.

sentence does not mean that is what it is. *See id.* at 644 ("Labels are not controlling"). Here Shuford filed a motion captioned "Motion to Correct Illegal Sentence" and pled, "As a juvenile offender [Shuford] requests to have the mandatory minimum term removed from his sentence, leaving only the term of years." There is nothing in the text of the Iowa Constitution prohibiting a district court from sentencing an adult to a mandatory minimum term of incarceration. But we recognize a proper motion to challenge "an illegal sentence includes claims that the court lacked the power to impose the sentence . . . , including claims that the sentence is outside the statutory bounds or that the sentence itself is unconstitutional." *State v. Bruegger*, 773 N.W.2d 862, 871 (Iowa 2009). Shuford's claim that his sentence is unconstitutional based on an expanded application of *Lyle* is a proper motion to correct an illegal sentence.

Yet we believe we may avoid the question of whether *Jefferson* applies retroactively. Shuford has counsel on this appeal and missing from his argument is any semblance of a valid claim that Shuford's sentence *is* illegal. Shuford does not challenge the substance of the district court's denial of his motion to correct and does not suggest how the result would have been different if he had been appointed counsel. Shuford's claim in his motion to correct—that *Lyle* should be extended to those who have reached majority—has been denied time and time again.[4] We fail to see how the appointment of counsel, either before the district

---

[4] Our supreme court has explicitly drawn the line at eighteen. *See Lyle*, 854 N.W.2d at 402–03; *see, e.g.*, *Swan v. State*, No. 17-0877, 2018 WL 6706212, at *3 (Iowa Ct. App. Dec. 19, 2018); *State v. Hall*, No. 17-0570, 2018 WL 4635685, at *5 (Iowa Ct. App. Sept. 26, 2018); *Nassif v. State*, No. 17-0762, 2018 WL 3301828, at *1 (Iowa Ct. App. July 5, 2018); *State v. Wise*, No. 17-1121, 2018 WL 2246861, at *3 (Iowa Ct. App. May 16, 2018); *Smith v. State*, No. 16-1711, 2017

court or now on remand, would change this result. Furthermore, this unsuccessful motion to correct an illegal sentence does not prevent Shuford from bringing another, different motion at a later date. *See* Iowa R. Crim P. 2.24(5)(a); *Bruegger*, 773 N.W.2d at 869.

Thus, while *Jefferson* provides for the appointment of counsel when a defendant urges the expansion of *Lyle* in a motion to correct an illegal sentence, we avoid marshalling State resources to answer this single query that requires no other record. It fails. We lack the authority to expand *Lyle* beyond what limitations our supreme court has defined, and, on appeal, Shuford has not actually challenged the ruling that *Lyle* provides him no relief. *See Jordan v. State*, No. 10-0397, 2012 WL 5954581, at *1 n.1 (Iowa Ct. App. Nov. 29, 2012) ("[T]he Iowa Court of Appeals does not have the authority to overrule Iowa Supreme Court precedent . . . ." (citing *State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990))).

**WRIT ANNULLED.**

---

WL 3283311, at *3 (Iowa Ct. App. Aug. 2, 2017); *Thomas v. State*, No. 16-0008, 2017 WL 2665104, at *2 (Iowa Ct. App. June 21, 2017); *Schultz v. State*, No. 16-0626, 2017 WL 1400874, at *1 (Iowa Ct. App. Apr. 19, 2017); *Kimpton v. State*, No. 15-2061, 2017 WL 108303, at *3 (Iowa Ct. App. Jan. 11, 2017); *State v. Davis*, No. 15-0015, 2015 WL 7075820, at *1 (Iowa Ct. App. Nov. 12, 2015) (collecting cases); *State v. Vance*, No. 15-0070, 2015 WL 4936328, at *2 (Iowa Ct. App. Aug. 19, 2015) (collecting cases); *State v. Clayton*, No. 13-1771, 2014 WL 5862075, at *5 (Iowa Ct. App. Nov. 13, 2014).