# IN THE COURT OF APPEALS OF IOWA

No. 23-0259
Filed December 6, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**J. DOE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Kossuth County, Andrew Smith,

District Associate Judge.


        A defendant appeals the extension of a sentencing no-contact order.

**EXTENSION OF NO-CONTACT ORDER REVERSED; SENTENCE VACATED**

**IN PART AND REMANDED FOR ENTRY OF CORRECTED SENTENCE.**


        Jack Bjornstad of Jack Bjornstad Law Office, Spirit Lake, for appellant.

        Brenna Bird, Attorney General, and Kyle Hanson (until withdrawal) and

Linda Hines, Assistant Attorneys General, for appellee.


        Considered by Bower, C.J., and Ahlers and Chicchelly, JJ.

**AHLERS, Judge.**

J. Doe[1] was charged with domestic abuse assault causing bodily injury. Doe eventually pleaded guilty to the charge and received a deferred judgment via a sentencing order issued on September 24, 2021.  In the order granting the deferred judgment, the court included a provision based on Iowa Code sections 664A.2 and 664A.5 (2021) prohibiting Doe from having any contact with the named protected party for one year.

Shortly before the expiration of the sentencing no-contact order, the State moved to extend it.  After two continuances at Doe's request, the State moved for summary judgment.  The State based its motion on a finding in a separate civil suit between Doe and the protected party under Iowa Code chapter 236 brought around the time Doe was criminally charged in this case.

In the civil suit, the protected party sought and received a protective order against Doe in 2021.  Around the same time the State filed its motion in this criminal case seeking to extend the sentencing no-contact order, the protected party filed a request to extend the protective order in the chapter 236 civil proceeding.  While the State's motion in this criminal case was pending, the district court conducted a hearing in the civil case and granted an extension of the protective order after finding the protected party met the burden of proving Doe continued to pose a threat to the protected party's safety.

Rather than conducting an evidentiary hearing on the State's motion to extend the sentencing no-contact order in this case, the district court granted the

---

[1] We do not use the defendant's real name because J. Doe's conviction has been expunged.

State's motion for summary judgment based on issue preclusion. The court reasoned that, since Doe was already found to continue to pose a threat to the protected party in the chapter 236 civil case, issue preclusion mandated the same conclusion in this case. As a result, the court extended the sentencing no-contact order for five years.

Doe appeals the district court's decision to extend the sentencing no-contact order. Doe argues the court improperly denied Doe the opportunity to present evidence as to whether Doe continued to pose a threat to the protected party. The State disagrees and, alternatively, asks us to direct the district court to correct the legality of the original one-year no-contact order.

We review summary judgment rulings for correction of errors at law. Iowa R. App. P. 6.907; *Burnett v. Smith*, 990 N.W.2d 289, 293 (Iowa 2023). Summary judgment is appropriate when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Rand v. Sec. Nat'l Corp.*, 974 N.W.2d 87, 90 (Iowa 2022). We review the evidence, including all legitimate inferences, in the light most favorable to the nonmoving party. *Id.* We review a challenge that a sentence is illegal, and questions of statutory interpretation, for correction of errors at law. *Jefferson v. Iowa Dist. Ct.*, 926 N.W.2d 519, 522 (Iowa 2019).

## I.    Error Preservation

Before jumping into whether the district court erred by granting summary judgment, we must first address the State's argument that Doe failed to preserve error on the issue presented. Doe argues the district court should not have applied issue preclusion because the main question is whether, at the date of the hearing,

Doe continued to pose a threat to the protected party. Doe argues that, because three to four months passed between the determination in the chapter 236 civil proceeding that Doe continued to pose a threat and the summary judgment ruling, new evidence relating to Doe's status as a threat to the protected party could have emerged and should have been heard. The State counters that this focus on the time gap between the hearing in the chapter 236 civil case and the hearing in this criminal case was never raised before the district court, and, therefore, Doe failed to preserve error on this issue.

A litigant may not raise an issue on appeal that was not first raised in and decided by the district court. *State v. Trane*, 984 N.W.2d 429, 434–35 (Iowa 2023). The record confirms the State's observation that Doe's argument in the district court focused on the difference in the burden of proof in each proceeding. But Doe's argument both to the district court and to us is that Doe must be allowed to present evidence of whether Doe continues to pose a threat. Further, the issue of whether Doe continues to pose a threat necessarily involves an assessment of current threat level, and, in deciding that the issues are identical, the district court adequately addressed the issue Doe raises before us on appeal. Doe preserved this issue for our review, so we proceed to the merits of the issue.

## II. Issue Preclusion as a Basis for Extending the No-Contact Order

Under Iowa Code section 236.5(3) (2022), "[t]he court may amend or extend its order . . . if the court, after hearing at which the defendant has the opportunity to be heard, finds that the defendant continues to pose a threat to the safety of the victim." The protected party had the burden to prove by a preponderance of the evidence that Doe continued to pose a threat to the protected party's safety. *See*

*id.* § 236.4(1). In contrast, if the State or protected party applies for an extension of a sentencing no-contact order under Iowa Code section 664A.8, then "the court shall modify and extend the no-contact order for an additional period of five years, unless the court finds that the defendant no longer poses a threat to the safety of the victim." The burden here is on Doe to prove by a preponderance of the evidence that Doe no longer poses a threat to the protected party. *See State v. Petro*, 981 N.W.2d 686, 691 (Iowa 2022).

For the State to prevail on its request to extend the sentencing no-contact order under section 664A.8, the district court must find that Doe failed to prove that Doe no longer poses a threat to the protected party's safety. The district court found that issue preclusion established the fact that Doe still posed a threat to the protected party. "[I]ssue preclusion prevents parties to a prior action in which judgment has been entered from relitigating in a subsequent action issues raised and resolved in the previous action." *Hunter v. City of Des Moines*, 300 N.W.2d 121, 123 (Iowa 1981) (footnote omitted). The party seeking to apply issue preclusion

> must satisfy four prerequisites:
> (1) the issue concluded must be identical; (2) the issue must have been raised and litigated in the prior action; (3) the issue must have been material and relevant to the disposition of the prior action; and (4) the determination made of the issue in the prior action must have been necessary and essential to the resulting judgment.

*Bandstra v. Covenant Reformed Church*, 913 N.W.2d 19, 51 (Iowa 2018) (quoting *Hunter*, 300 N.W.2d at 123). Doe challenges only the first of these prerequisites. To satisfy this first prerequisite, it is not enough for the issues to be similar—they

must be "precisely the same." *Est. of Leonard ex rel. Palmer v. Smith*, 656 N.W.2d 132, 147 (Iowa 2003) (citation omitted).

Doe insists that because the issue at the hearing in the chapter 236 civil proceeding was whether Doe posed a risk as of October 3, 2022 (the date of the hearing), and the issue related to the State's request to extend the sentencing no-contact order was whether Doe posed a risk as of the date of that hearing (scheduled for February 2, 2023), the issues are not identical, so issue preclusion was inapplicable. We agree with Doe. Whether a person continues to pose a threat to a domestic abuse victim is a fluid concept. That is presumably why the Iowa Code sets a time limit on such orders but also includes a provision for extending them if the circumstances warrant. This is a recognition that some people that were a threat at one point in time are not a threat later while others remain a threat. As a result, a conclusion that a person continues to be a threat at one point in time does not definitively answer that question as to a future point in time, even a point in time as close as three months out. Whether Doe posed a threat as of October 3, 2022, is not "precisely the same" issue as whether Doe posed a threat as of the date the district court entered summary judgment in January 2023 (or at the time of the evidentiary hearing scheduled for February 2, 2023). Additional facts must be used to make the later determination. *Cornell v. State*, 529 N.W.2d 606, 610 (Iowa Ct. App. 1994) ("Identity of issues requires the same facts and legal standards be used to resolve the issues."). Because the issues were not identical, issue preclusion did not apply, and Doe was entitled to an evidentiary hearing to determine whether Doe continued to pose a threat. For

this reason, the district court erred in granting summary judgment to the State and extending the no-contact order based on issue preclusion.

## III.     Legality of the Original Sentence

That said, the State argues that, if we find the extension was improper—as we have—then it is necessary to correct the length of the original no-contact order. The State contends the original sentencing no-contact order was a part of the sentence and it was illegal because it was imposed for one year instead of five. *See* Iowa Code § 664A.5 (2021) (permitting the sentencing court to issue a no-contact order at the time of sentencing "for a period of five years").

When, as here, the no-contact order is included in the sentencing order, the no-contact order is part of the sentence. *See State v. Sanchez*, No. 13-1989, 2015 WL 4935530, at *4–5 (Iowa Ct. App. Aug. 19, 2015) (explaining the court's rationale and compiling cases). Challenges to a sentence based on the claim the sentence is illegal may be raised at any time. *Jefferson*, 926 N.W.2d at 522. So, we address the State's challenge.

To decide whether entry of the one-year sentencing no-contact order was illegal, we begin with the text of the statute. *See Calcaterra v. Iowa Bd. of Med.*, 965 N.W.2d 899, 904 (Iowa 2021) ("When interpreting the meaning of a statute, we start with the statute's text."). Iowa Code section 664A.5 is the statute permitting the entry of a sentencing no-contact order. It states, "[t]he court may enter a no-contact order or continue the no-contact order already in effect for a period of five years from the date the judgment is entered or the deferred judgment is granted . . . ." Iowa Code § 664A.5. The text here is clear and unambiguous, so we need not search beyond it. *Borst Bros. Constr., Inc. v. Fin. of Am. Com.*,

975 N.W.2d 690, 699 (Iowa 2022). The options for the court at the time of sentencing were to grant a five-year no-contact order or not grant a no-contact order at all. Nothing in the statute suggests the court can do anything in between. Because the court had no authority to enter a one-year no-contact order, that part of the sentence was illegal. Therefore, we vacate that part of the sentencing order and remand for entry of a corrected sentencing order providing for a five-year no-contact order running from September 24, 2021 (the date of sentencing) through September 24, 2026.

## IV. Conclusion

Because the district court erred in issuing the order extending the no-contact order for a period of five years, we reverse the district court's decision to enter such and remand for cancellation of the order. However, because the original sentencing order contained a no-contact provision that constituted an illegal sentence, we vacate the part of the original sentencing order that provided for a one-year no-contact order and remand for entry of a corrective order providing for a five-year no-contact order starting from the date of sentencing.

**EXTENSION OF NO-CONTACT ORDER REVERSED; SENTENCE VACATED IN PART AND REMANDED FOR ENTRY OF CORRECTED SENTENCE.**